IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-CBS

KENNETH M. SUTTON,

    Plaintiff,

v.

CORRECTIONS CORP. OF AMERICA, COLORADO FACILITY (CCCF),
WASHINGTON STATE DEPT. OF CORRECTIONS (WDOC),
WARDEN KRAUSE – Crowley County Corrections Center, Crowley, Colorado (CCCF),
ASST. WARDEN ROGER – S.O.R.T. Team Leader, Crowley County Corrections
    Center/Now Located at Florence Corrections Center (CCA/FCC), Florence,
    Arizona,
HAROLD CLARK – Secretary, Washington Dept. of Corrections, and
JAMES THATCHER – Superintendent Out of State (OSS) Prison Facilities (WDOC),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 11 2006

GREGORY C. LANGHAM
    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Kenneth M. Sutton is a prisoner incarcerated at the Florence Correctional Center at Florence, Arizona. Mr. Sutton initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Arizona alleging that his constitutional rights were violated while he was incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. In an order filed on July 20, 2006, the District of Arizona transferred the action to this court. On September 15, 2006, Mr. Sutton filed an amended complaint on the proper form.

The court must construe the amended complaint liberally because Mr. Sutton is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v.**

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sutton will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and finds that it is deficient because Mr. Sutton fails to allege facts that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Sutton asserts three claims for relief. In two of the claims he alleges that he was denied due process and subjected to cruel and unusual punishment when he was beaten by prison guards and denied medical treatment during a riot in July 2004. In his other claim Mr. Sutton alleges that he was denied due process when he was placed in administrative segregation for seventeen days in 2005. However, Mr. Sutton fails to allege any facts to link the named Defendants to the alleged constitutional violations.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Sutton must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Sutton will be directed to file a second amended complaint to clarify how each named Defendant personally participated in the asserted constitutional violations. Mr. Sutton is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, he should name as Defendants in the second amended complaint only those individuals or entities that he believes actually violated his constitutional rights. Accordingly, it is

ORDERED that Mr. Sutton file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sutton, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Sutton fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 11th day of December, 2006.

BY THE COURT:

s/Craig B. Shaffer
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01606-BNB

Kenneth M. Sutton
Florence Corr. Center
Reg. No. 904341
P.O. Box 6900
Florence, CO 85232

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 12/11/06

                                                  GREGORY C. LANGHAM, CLERK

                                            By: _____
                                                         Deputy Clerk