IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-DME-KLM

KENNETH M. SUTTON,

    Plaintiff(s),

v.

CORRECTIONS CORPORATION OF AMERICA,
WASHINGTON STATE DEPARTMENT OF CORRECTIONS.
WARDEN KRAUSE,
ROGERS,
HAROLD CLARK, and
JAMES THATCHER,

    Defendant(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Preliminary Injunction Restraining Order** [Docket No. 84; filed October 29, 2007] (the "Motion"). The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons provided below, I respectfully recommend that the Motion be **DENIED**.

    Plaintiff requests that this Court issue a preliminary injunction and/or restraining

order against a non-party to this action, Investigator Wayne C. Hatten of Corrections Corporation of America ("CCA"). As grounds, Plaintiff states that he has been "harassed, intimidated, and retaliated against by Investigator Hatten on an ongoing and consistent basis." *Motion*, p. 1. Plaintiff further claims that Investigator Hatten has confiscated and destroyed Plaintiff's legal materials, listened to Plaintiff's personal phone calls, placed Plaintiff in the "hole", and falsified Plaintiff's urinalysis report.

Defendants have responded to Plaintiff's Motion. *Defendants' Response to Plaintiff Motion for Temporary Restraining Order and/or Preliminary Injunction* ("Defendants' Response") [Docket No. 92; filed November 14, 2007]. Defendants argue that Plaintiff fails to meet the legal standards for the entry of injunctive relief, as he cannot demonstrate any likelihood of success on the merits, and he has not demonstrated an irreparable injury. *Defendants' Response*, p. 3. Defendants also argue that the "public interest of not second-guessing institutional security concerns of prison officials substantially outweighs any alleged injury suffered by Plaintiff." *Id.*

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood

of success on the merits.  *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'"  *Heidman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  Irreparable harm is more than "merely serious or substantial" harm.  *Id.* (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1235, 1250 (10th Cir. 2001)).  The party seeking the preliminary injunction must show that "the injury complained of is of such imminence that there is a clear and present need for equitable relief."  *Heidman*, 348 F.3d at 1189.

Plaintiff's unsubstantiated claims that Investigator Hatten has confiscated and destroyed Plaintiff's legal materials, listened to Plaintiff's personal phone calls, placed Plaintiff in the "hole", and falsified Plaintiff's urinalysis report fail to demonstrate more than "merely serious or substantial" harm.  *Id.* Based on the evidence proffered by Plaintiff, he has not demonstrated that he has or will suffer irreparable injury that would entitle him to injunctive relief.  Accordingly,

I RECOMMEND that Plaintiff's **Motion for Preliminary Injunction Restraining Order** [Docket No. 84; filed October 29, 2007] be **DENIED.**

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

        BY THE COURT:

        __s/ Kristen L. Mix_____

        United States Magistrate Judge

Dated:  November 19, 2007