IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-DME-KLM

KENNETH M. SUTTON,

    Plaintiff(s),

v.

CORRECTIONS CORPORATION OF AMERICA,
WASHINGTON STATE DEPARTMENT OF CORRECTIONS.
WARDEN KRAUSE,
ROGERS,
HAROLD CLARK, and
JAMES THATCHER,

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Stay Courts** [sic] **Ordered Scheduled Time Frames, Until Plaintiff's Court Ordered Appointment of Counsel is Met** [Docket No. 93; filed November 16, 2007] (the "Motion").

    Plaintiff requests that this Court issue an order staying his case and his deposition until court-ordered appointment of counsel can be secured for Plaintiff. Plaintiff argues that he will be prejudiced if the case proceeds before court-appointed counsel can be located to assist him. I note that, by Minute Order dated June 26, 2007, Plaintiff was granted court-appointed counsel, and the Clerk of the Court was directed to make a good faith effort to secure *pro bono* counsel for Plaintiff [Docket No. 61]. Plaintiff alleges that he has yet to receive the assistance of *pro bono* counsel.

    Defendants have filed a Response [Docket No. 97; filed December 6, 2007]. Defendants argue that no grounds exist for a stay. First, Defendants state that they already deposed Plaintiff on November 12, 2007. Second, Defendants argue that Plaintiff was forewarned in the Court's Order granting appointment of counsel that "it is frequently very difficult for the court to obtain pro bono counsel for litigants. Consequently, this case

shall proceed in its ordinary course, with plaintiff continuing to act pro se, until such time as the court is able to secure counsel." *Response*, p. 2 (quoting Minute Order, Docket No. 61).

The Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings. It is well established, however, that a trial court, in the exercise of its discretion, has the power to stay an action. *F.D.I.C. v. Renda*, 1987 WL 348635, *2 (D.Kan. 1987) (unpublished decision) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). In deciding whether to issue a stay, courts have considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id.* (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, *2 (D.Colo. 2006).

Applying the *Renda* factors, I find that: (1) to grant the motion to stay could delay the proceedings for an indeterminate period of time until court-appointed counsel has been located for Plaintiff; (2) although Defendants do not argue that such a delay would be burdensome, it is surely is in Defendants' interest to resolve this matter as expeditiously as possible; (3) it is not generally the practice of this Court to stay cases; (4) there is no evidence before me that third parties or the public interest are or may become involved in this case. *Renda*, 1987 WL 348635 at *2. The *Renda* factors do not weigh in favor of issuing an order to stay this case. Further, I note that, because Plaintiff's deposition has already occurred, there are no grounds to stay the case on that basis.

Finally, to the extent Plaintiff has attempted to make arguments regarding alleged discovery disputes he has experienced with Defendants, these assertions are not grounds for issuing an order to stay the case. Plaintiff must address his discovery disputes in the manner directed by the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Stay Courts** [sic] **Ordered Scheduled Time Frames, Until Plaintiff's Court Ordered Appointment of Counsel is Met** [Docket No. 93; filed November 16, 2007] is **DENIED**.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: December 18, 2007