IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-DME-KLM

KENNETH M. SUTTON,

    Plaintiff(s),

v.

CORRECTIONS CORPORATION OF AMERICA,
WASHINGTON STATE DEPARTMENT OF CORRECTIONS.
WARDEN KRAUSE,
ROGERS,
HAROLD CLARK, and
JAMES THATCHER,

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Compel** [sic] **for Production of Documents** [Docket No. 110; filed January 2, 2008] ("Motion to Compel"). The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion to Compel, Defendants' Response [Docket No. 113; filed January 14, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the

1

Motion to Compel is **DENIED**, as set forth below.

Plaintiff moves this Court to compel "defendant CCA Patricia Sells . . . to produce plaintiff's Mental health records." *Motion to Compel*, p. 1. Plaintiff states that he submitted an Authorization for Release of Medical and Mental Health Information to Ms. Sells. *Id.*, Ex. 1. Ms. Sells subsequently denied Plaintiff's request for security reasons, stating that he was not allowed to have copies of his mental health records while incarcerated. *Id.*, Ex. 2. Plaintiff states that these records are relevant to his litigation. *Id.*

Defendant provides three grounds to justify denial of Plaintiff's motion. First, Defendant notes that even though Plaintiff identifies Ms. Sells as a "defendant," she is not a party to this action. *Response*, p. 2. Pursuant to Fed. R. Civ P. 34(c), "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Fed. R. Civ. P. 45 pertains to the form and issuance of subpoenas. Pursuant to these rules, Plaintiff may not compel a non-party to produce documents without a subpoena *duces tecum.* Plaintiff has not obtained such a subpoena. Defendant also notes that Plaintiff's discovery request was submitted after the expiration of the discovery deadline in this case. *Response*, pgs. 2-3. Pursuant to the Scheduling Order entered July 9, 2007, the discovery deadline was set for December 7, 2007 [Docket No. 64]. Plaintiff himself states that his discovery request was submitted to Ms. Sells on December 20, 2007, thirteen (13) days after the expiration of the discovery deadline. *Motion to Compel*, p. 1.

Finally, Defendant states that Plaintiff has failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Response*, p.1. The PLRA requires Plaintiff to exhaust any grievances using the administrative process prior to seeking redress from the Court. However, as neither party has submitted documentation regarding Plaintiff's use, or failure to use, the administrative grievance process, I cannot make any finding regarding his alleged failure to exhaust administrative remedies. As such, I decline to deny the Motion on these grounds.

However, I find that Plaintiff's Motion to Compel is improperly directed to a non-party and is untimely. Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion to Compel** [sic] **for Production of Documents** [Docket No. 110; filed January 2, 2008] is **DENIED**.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 25, 2008