IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-DME-KLM

KENNETH M. SUTTON,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
WASHINGTON STATE DEPT. OF CORRECTIONS,
WARDEN KRAUSE,
ASST. WARDEN ROGERS - S.O.R.T. Team Leader,
HAROLD CLARK, Secretary Washington Dept. Of Corrections,
JAMES THATCHER - Superintendent Out of State (OSS) Prison Facilites (WDOC),

    Defendants.

---

## ORDER

---

This matter comes before the court on Plaintiff Kenneth Sutton's Objection to Magistrate Judge Mix's Recommendation (Docket No. 95) dated November 19, 2007 denying Plaintiff's Motion for a Preliminary Injunction Restraining Order (Docket No. 84). Plaintiff's Objection (Docket No. 100.) is OVERRULED and Magistrate Judge Mix's Recommendation is AFFIRMED.

### A. Background

On October 29, 2007, Plaintiff filed a "Motion for Preliminary Injunction Restraining Order." (Docket # 84.) In this motion, Plaintiff sought the issuance of a "preliminary injunction/restraining order against defendant CCA and it's [sic] agents CCA/Florence specifically Investigator Wayne C. Hatten...." (Id. at 1.) According to Plaintiff, "he has been harassed, intimidated, and retaliated against by Investigator Hatten on an ongoing and consistent

basis." (Id.) Specifically, Plaintiff alleges that Hatten has confiscated and destroyed his legal materials, placed him in the "hole," falsified Plaintiff's urinalysis report, and listened to Plaintiff's phone calls. (Id.) Magistrate Judge Mix recommended that Plaintiff's motion be denied. Plaintiff has objected to this recommendation.

### B. Standard of Review

"The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. For dispositive motions, such as a motion for preliminary injunction, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a 'de novo determination of those portions of the [recommendation] ... to which objection is made.' See 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72(b)." Leary v. Rios, 2006 WL 8277290, *1 (D. Colo. 2006).

The court must liberally construe Plaintiff's motion because Plaintiff is a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the court should not act as a pro se litigant's advocate. Hall, 935 F.2d at 1110.

### C. Injunctive Relief/Temporary Restraining Order

"To obtain a preliminary injunction [or temporary restraining order], the party requesting such an extraordinary equitable remedy bears the burden of showing: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Fed. Lands Legal Consortium v. United States, 195 F.3d 1190, 1194 (10th Cir. 1999). Magistrate Judge Mix

limited her analysis to the question of irreparable harm. In this regard, Magistrate Judge Mix concluded that Plaintiff's complaints did not constitute irreparable harms, and, therefore, that Plaintiff was not entitled to a preliminary injunction. I agree that this element of the preliminary injunction analysis is dispositive.

**I. Irreparable Harm**

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical. Irreparable harm is not harm that is merely serious or substantial. The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm. It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003).

Plaintiff has failed to allege any facts that demonstrate he is facing immediate and irreparable injury. Plaintiff's motion alleged that "he has been harassed, intimidated, and retaliated against by Investigator Hatten on an ongoing and consistent basis." (Docket No. 84 at 1.) While such allegations are certainly a serious matter, Plaintiff has failed to demonstrate how they constitute an <u>irreparable</u> harm. Any such harms would likely be compensable by monetary damages, thus removing them from the scope of harms contemplated in the irreparable harm context. Furthermore, any notion that such harms will continue into the future is wholly speculative, and thus not properly subject to injunctive relief. See Schrier v. Univ. of Colorado, 427 F.3d 1253, 1266 (10th Cir. 2005) (asserting "[s]peculation or unsubstantiated fear of what may happen in the future cannot provide the basis for a preliminary injunction.").

Plaintiff also asserts in his objection that he "has already suffered irreparable injury ie., [P]laintiff's legal materials were destroyed and placed in segregation." (Docket No. 100 at 2.) Such a notion, however, confuses the purposes of a preliminary injunction. "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." Schrier, 427 F.3d at 1267. Accordingly, Plaintiff's allegation that he was previously injured is insufficient for purposes of establishing an irreparable injury. Rather, Plaintiff must demonstrate that he is at risk of a "great, actual, and not theoretical injury" future injury; this Plaintiff has failed to do.

**D. Conclusion**

Accordingly, Plaintiff's objection is OVERRULED and Magistrate Judge Mix's recommendation is AFFIRMED.

Dated:  January 31, 2008

BY THE COURT:

s/ David M. Ebel

UNITED STATES CIRCUIT JUDGE