IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-DME-KLM

KENNETH M. SUTTON,

   Plaintiff(s),

v.

CORRECTIONS CORPORATION OF AMERICA,
WASHINGTON STATE DEPARTMENT OF CORRECTIONS.
WARDEN KRAUSE,
ROGERS,
HAROLD CLARK, and
JAMES THATCHER,

   Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Protective Order Regarding Plaintiff's Service of Requests for Admissions from Defendants Crouse, Rogers, Thatcher and Clark** [Docket No. 119; filed January 31, 2008] (the "Motion for Protective Order") and Plaintiff's **Motion to Object to Defendant's Protective Order and to Compel Defendant's Crouse, Rogers Thatcher and Clark to Answer the Request for Admissions** [Docket No. 125; filed February 19, 2008] ('Motion to Compel"). The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1

1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. The Court has reviewed the Motions, the entire case file and applicable case law, and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion for Protective Order [Docket No. 119] is **GRANTED** and the Motion to Compel [Docket No. 125] is **DENIED**, as set forth below.

Defendants request that this Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) stating that Defendants have no obligation to respond to certain requests for admissions that Plaintiff has served upon them. As grounds, Defendants state that Plaintiff served four requests for admissions on Defendants on January 2, 2008, regardless of the fact that the discovery deadline in the above-captioned case expired on December 7, 2007. In response, Plaintiff argues that "if defendants would have truthfully answered the first set of admissions the second set of admissions would not be needed." *Motion to Compel*, p. 2. Plaintiff further asserts that he requires the admissions in order to respond to Defendants' Motion for Summary Judgment. *Id.* Plaintiff requests that this Court both deny Defendants' Motion for Protective Order and compel Defendants to answer the second set of requests for admissions. *Id.*

Fed. R. Civ. P. 26(c) provides a mechanism, available when appropriate, to limit or prevent the discovery of information. Upon a showing of good cause and as justice may require "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," a court may, among other things, enter a protective order providing that discovery "not be had" or "be had only on specified terms and conditions .

2

. . ." Fed. R. Civ. P. 26(c)(1) and (2).

Pursuant to the Scheduling Order entered in this case [Docket No. 64; filed July 9, 2007], the discovery deadline was set for December 7, 2007. Plaintiff filed a motion on November 16, 2007 to stay his case until court-appointed counsel could be secured [Docket No. 93]. By that same motion, Plaintiff alleged that Defendants had failed to answer the interrogatories and requests for admissions that Plaintiff had served on them. In response, Defendants stated "it is not that Defendants have failed to respond, but, rather, Plaintiff is not satisfied with the responses." [Docket No. 97]. By Order dated December 18, 2007, I denied Plaintiff's Motion to stay his case [Docket No. 102]. Plaintiff now alleges that Defendants have not responded truthfully to his first set of admissions, but does not state which responses he believes were untruthful, does not provide the basis for his belief that they were untruthful, and does not provide any evidence that they were untruthful. Neither party has submitted to the Court Defendants' responses to Plaintiff's first set of requests for admissions.[1]

The Court assumes, without deciding, that Defendants' responses to Plaintiff's first set of request for admissions were prepared in accordance with Fed. R. Civ. P. 36(a). Plaintiff's unsupported allegations that Defendants were untruthful in responding to his first set of requests for admissions do not provide good cause to re-open discovery and allow Plaintiff to serve a second set of requests for admissions. The Federal Rules of Civil

---

[1]Curiously, D.C.Colo. LCivR 37.1 does not require that either party submit the responses.

Procedure and the Local Rules of this Court do not permit Plaintiff to submit untimely discovery requests simply because he disagrees with Defendants' previous responses. Instead, Plaintiff is obligated to produce independent evidence regarding the alleged untruthfulness of Defendants' responses.[2]

Accordingly, because Plaintiff's second set of requests for admissions is untimely and as Plaintiff has not provided good cause to re-open discovery,

IT IS HEREBY **ORDERED** that the Motion for Protective Order [Docket No. 119] is **GRANTED**. Pursuant to Fed. R. Civ. P. 26(c)(1), any further discovery in this matter is precluded and Defendants are under no obligation to answer Plaintiff's second set of admissions, served on January 2, 2008.

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Compel [Docket No. 125] is **DENIED**.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: February 28, 2008

---

[2] The Court notes that a party who pursues litigation on the theory that opposing parties will admit wrongdoing, or even that they will admit that events occurred as the plaintiff believes, assumes far too much. Parties to litigation are required to follow appropriate legal processes by abiding by the Federal Rules of Civil Procedure. Failure to do so may result in a variety of actions by the Court, including permitting untimely or additional discovery or entering appropriate sanctions. But before such actions are taken by the Court, there must be *evidence* of failure to follow appropriate processes and rules. Such evidence is lacking here.