IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-DME-KLM

KENNETH M. SUTTON,

   Plaintiff(s),

v.

CORRECTIONS CORPORATION OF AMERICA,
WASHINGTON STATE DEPARTMENT OF CORRECTIONS,
WARDEN KRAUSE,
ROGERS,
HAROLD CLARK, and
JAMES THATCHER,

   Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on **Defendants' Motion for Award of Costs** [Docket No. 150; Filed July 24, 2008] (the "Motion"). The Court has reviewed the Motion, Plaintiff's Response [Docket No. 152; Filed August 5, 2008], Defendants' Reply [Docket No. 157; Filed August 13, 2008], the entire case file and applicable case law, and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

   Defendants request that they be awarded their costs in the instant action, pursuant to Fed. R. Civ. P. 54(d)(1). *Motion* [#150] at 2. As grounds, Defendants argue that summary judgment was entered in their favor by District Judge Ebel on July 17, 2008

1

[Docket No. 147], but that Judge Ebel's Order did not specify whether Defendants were to be awarded costs. Further, Defendants state that when the Clerk of the Court entered judgment in favor of Defendants, this judgment was also silent as to the costs to be awarded Defendants. *Motion* [#150] at 2.

Fed. R. Civ. P. 54(d)(1) provides, in relevant part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Rule 54(d) is construed in accordance with 28 U.S.C. § 1920, which provides that a judge or clerk of the court may tax as costs certain categories of expenses incurred during litigation, such as the costs of depositions, court transcripts, and copying fees. *See* 28 U.S.C. § 1920. However, whether or not a prevailing party is awarded costs is "within the court's sound discretion." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (citing *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960)). The general rule is that costs are awarded to the prevailing party. *Id.* (citing *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (citations omitted)). Therefore, the burden is on the opposing party to overcome this presumption. *Id.* (citation omitted). Moreover, when a district court denies costs to a prevailing party, it must provide a valid reason for the denial. *Id.*

Certain reasons have been approved by other circuits as appropriate bases for denying costs, including: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022

2

(9th Cir. 2003) (quotations and citation omitted); *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (citations omitted) (recognizing that the denial of costs may be warranted when the losing party is indigent); *but see Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003) (recognizing that even though an indigent prisoner would have a difficult time paying costs, he was "not immune from an assessment of costs."). Based on the holdings of other courts, the Tenth Circuit has suggested that a district court may properly deny costs when the non-prevailing party is indigent or when the issues in the case were close or difficult. *See Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995); *but see Mundell v. Bd. of County Com'rs of Saguache County*, 2007 WL 1061510, *1 (D. Colo. April 5, 2007) (unpublished decision) (finding that "[a]lthough indigency is one circumstance that may justify a denial of costs, in this circuit, it is not sufficient in itself to overcome the presumption created by Rule 54(d)(1).").

Plaintiff argues that the Court should decline to impose costs, as he is indigent, incarcerated and "does not have the present or future ability to pay costs and attorney's fee's." *Response* [#152] at 2.[1] Plaintiff has alleged, although not provided an affidavit or account statement in support, that he earns a maximum of $62 per month and that he has

---

[1] Plaintiff apparently misunderstands that an award of costs would include Defendants' attorneys fees. This is clearly not the case, as Rule 54(d) does not permit an award of attorney's fees to the prevailing party. *See* Fed. R. Civ. P. 54(d)(1) ("costs–other than attorney's fees–should be allowed to the prevailing party."); *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 2008 WL 162990, *2 (D.Colo. Jan. 15, 2008) (unpublished decision).

3

statutorily mandated deductions that result in 55% of any earnings or money he receives being deducted from his inmate account. *Response* [#152] at 4. He alleges that any further deductions will place a burden on him and his family. *Id.*

While the Court is sympathetic to Plaintiff's claim that an award of costs could create hardship for him, it also agrees that "[j]ust as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must prisoners like [plaintiff] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994). Further, as indigency alone "it is not sufficient in itself to overcome the presumption" that costs will be awarded to the prevailing party, the Court finds that Plaintiff has not sufficiently overcome the presumption created by Rule 54(d), and therefore Defendants' costs must be awarded against him. *Mundell*, 2007 WL 1061510 at *1.

Accordingly, **Defendants' Motion for Award of Costs** [Docket No. 150; Filed July 24, 2008] is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendants are to submit a proposed Bill of Costs pursuant to D.C.Colo.LCivR. 54.1 on or before **September 22, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: August 29, 2008

4