IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01606-DME-KLM

KENNETH M. SUTTON,

    Plaintiff,

v.

CORRECTIONS CORPORATION of AMERICA, actually named Corrections Corp. of America,
WASHINGTON STATE DEPT. of CORRECTIONS (WDOC), as Corporate and State Entities Respectively,
WARDEN KRAUSE, Crowley County Corrections Center, Crowley Colorado (CCCF),
ROGERS, Asst. Warden, S.O.R.T. Team Leader, Crowley County Corrections Center/Now Located at Florence Corrections Center (CCA/FCC), Florence Arizona,
HAROLD CLARK, Secretary Washington Dept. of Corrections,
JAMES THATCHER, Superintendent Out of State (OSS) Prison Facilities (WDOC),

    Defendants.

## ORDER GRANTING RECONSIDERATION

This matter comes before the Court on Plaintiff Kenneth M. Sutton's motion seeking reconsideration of this Court's order denying his motion to proceed on appeal in forma pauperis (Doc. 164) and his motion to supplement the record on his motion for reconsideration (Doc. 165). Because Sutton is proceeding pro se, the court liberally construes his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Court GRANTS both of Sutton's

1

motions and VACATES the Court's prior order (Doc. 161) denying Sutton's motion to proceed on appeal in forma pauperis (Doc. 160.)

28 U.S.C. § 1915(a) requires a prisoner seeking leave to appeal in forma pauperis to provide this court with (1) "an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor," 28 U.S.C § 1915(a)(1); and (2) a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined," id. § 1915(a)(2). While Sutton has provided this court with an affidavit, he has not submitted an adequate "certified copy of the trust fund account statement (or institutional equivalent)" for the six months preceding his filing his notice of appeal. Sutton must comply with this requirement in order to be entitled to IFP status. See Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996); Sheptin v. Corr. Healthcare Mgmt. Contractor Co., No. 08-1082, 2008 WL 3099327, at *1-*2 (10th Cir. Aug. 6, 2008) (unpublished); see also Hall v. City and County of Denver, 200 Fed. App'x 754, 755 n.2 (10th Cir. Sept. 19, 2006) (unpublished); Frey v. McCormack, 150 Fed. App'x 848, 849 (10th Cir. Oct. 7, 2005) (unpublished); Galbraith v. Fawell, 140 Fed. App'x 807, 808 (10th Cir. Aug. 23, 2005) (unpublished); Palozie v. Hershberger, 116 Fed. App'x 188, 189 (10th Cir. Oct 22, 2004) (unpublished); cf. Allred v. Shumaker, 257 Fed. App'x 93, 95 (10th Cir. Dec. 3, 2007) (unpublished) (upholding district court's decision to dismiss action where court ordered inmate proceeding IFP to provide certified

copy of his trust account and inmate instead responded with statement that he had no money except what his family sent him, which was very little).

For the first time in his "Motion to Supplement the Record Regarding Plaintiff's Motion for Reconsideration," Sutton asserts that prison officials will not provide him with certified copies of his account statement. (Doc. 165 at 1 and attachment.) In support of that assertion, Sutton provides this court with a "Prisoner Information Request," on which a prison official has indicated that "We are unable to supply certified copies at this institution." (Doc. 165, attachment.) Sutton, however, has previously been able to provide this court with prison documents entitled "Inmate Current Running Balance Date Range Report" covering a six-month period of time. (Docs. 7, 17.) And this court has previously relied upon those documents to grant Sutton IFP status to pursue this litigation in the district court.

This court will GRANT Sutton's "Motion to Supplement the Record Regarding Plaintiff's Motion for Reconsideration" (Doc. 165) and will further GRANT Sutton's request for reconsideration (Doc. 164). The Court, therefore, VACATES its earlier order denying Sutton leave to proceed on appeal in forma pauperis. (Doc. 161.) Sutton will have thirty days from the date of this order to provide this court with a certified copy of his trust fund account statement, or an "institutional equivalent," such as an "Inmate Current Running Balance Date Range Report" covering the six months prior to his filing his notice of appeal in this action. If Sutton is unable to obtain either a certified copy of his trust account statement, or an adequate institutional equivalent, then he must explain

specifically why he is unable to comply with this Court's order. See Montana v. Hargett, 182 Fed. App'x 750, 751 (10th Cir. May 4, 2006) (unpublished).[1]

Dated: October 29, 2008

BY THE COURT:

*s/ David M. Ebel*

UNITED STATES CIRCUIT JUDGE

---

[1] If Sutton wishes to apply, independently, with the Tenth Circuit Court of Appeals to pursue his appeal IFP, he must either comply with that court's order regarding the time to do so and make a proper and timely application, or he can instead request an extension of time from the Tenth Circuit to comply with that court's order.

4